BREAD POLITICAL ACTION COMMITTEE, et al., Plaintiffs-Appellants,

v.

The FEDERAL ELECTION COMMISSION, et al., Defendants-Appellees.

Nos. 78–1150, 80–1146.

United States Court of Appeals, Seventh Circuit.

May 12, 1982.

Before CUMMINGS, Chief Judge *, and PELL, BAUER, HARLINGTON WOOD, Jr. and CUDAHY, Circuit Judges.

ORDER

The Supreme Court of the United States, in an opinion handed down on March 8, 1982, —— U.S. ——, 102 S.Ct. 1235, 71 L.Ed.2d 432, reversed the judgments of this Court in its panel decision, 591 F.2d 29 (7th Cir. 1979) and consequently in its en banc decision, 635 F.2d 621 (7th Cir. 1980). The Supreme Court held that only those plaintiffs specifically enumerated in Section 310(a) of the Federal Election Campaign Act of 1971 (2 U.S.C. § 437h (1976 ed. & Supp. III))—i.e., "the Federal Election Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President"—could take advantage of the expedited review process described in that Section. —— U.S. ——, 102 S.Ct. 1235, 71 L.Ed.2d

* Thomas E. Fairchild retired as Chief Judge on July 1, 1981. Both he and Circuit Judge Luther M. Swygert have assumed senior status and therefore no longer take part in en banc matters before this Court. Circuit Judge Sprecher also participated in our en banc decision but did not participate in this matter after the remand from the Supreme Court. Circuit Judges Jesse E. Eschbach, Richard A. Posner, and John L. Coffey came to the Seventh Circuit bench after the decisions herein were reached and therefore did not participate in this order.

432. Accordingly the panel erred in deciding that two trade associations and three political action committees had standing under Section 310(a), 591 F.2d 29. Therefore we were without jurisdiction to hear the *en banc* appeal and to hold the challenged provisions of the statute constitutional, 635 F.2d 621.

District Judge Marshall, in whose courtroom this litigation began in the spring of 1977, was constrained by our rulings to follow the procedures outlined in Section 310(a) of the Act. Although he made 215 findings of fact, the correctness of which was never before us, he certified to this Court the ultimate questions of law. Throughout the proceedings, however, Judge Marshall assumed that he could also have acted on the basis of ordinary federal-question jurisdiction under 28 U.S.C. § 1331. We remand the case to him, so that if the parties wish to pursue their constitutional claims, he may conduct further proceedings, thereby opening the way to the usual modes of direct appeal and Supreme Court review.** Costs to defendants.

** This disposition is in substantial accord with the positions taken by appellants and appellees in their Rule 19 Statements of Position on Remand.